UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

In re:

| | |
|---|---|
| SCOTT J. BALDWIN and | Chapter 13 |
| TAMARA L. BALDWIN, | Bankr. Case No. 06-11448 |
| Debtors. | |

SCOTT J. BALDWIN and
TAMARA L. BALDWIN,

        Appellants,

  -against-                         Dist. Ct. Case No. 1:08-CV-385
                                                     (LEK)

ANDREA E. CELLI, ESQ.,
Chapter 13 Standing Trustee,

        Appellee.

**<u>DECISION AND ORDER</u>**

On April 8, 2008, Appellants Scott J. Baldwin and Tamara L. Baldwin ("Appellants" or "Debtors") filed with this Court a Notice of Appeal from a Memorandum-Decision and Order of the United States Bankruptcy Court for the Northern District of New York (Robert E. Littlefield, Jr., *B.J.*), dated March 10, 2008, denying confirmation of Appellants' Chapter 13 Plan ("Plan") because they failed to include all disposable income in their Plan. Notice of Appeal (Dkt. No. 1); Order at 7 (Dkt. No. 1, Attach. 1). Appellants now contend that the Bankruptcy Court erred by concluding that www.paycheckcity.com was not an accurate method for calculating actual taxes incurred for purposes of Line 30 of Form B22C and denying confirmation of Appellants' Plan because they

1

overstated their tax expense. For the following reasons, the March 10, 2008 decision of the Bankruptcy Court is reversed and this case is remanded for Appellants to file an amended Form B22C and Chapter 13 Plan.

## I.   BACKGROUND

The underlying facts are not in dispute. Debtors filed a Chapter 7 bankruptcy petition on June 15, 2006. Order at 2. On October 24, 2006, they filed a motion to convert the case to a Chapter 13 petition; the motion was granted on December 4, 2006. Id. at 3. On October 30, 2006, Debtors filed an amended Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form B22C").[1] Id. Debtors listed on line 30 of Form B22C ("Line 30") their monthly tax expense as $1,731.01, which results in monthly disposable income of $203.25. Id. at 3–4. On March 7, 2007, Andrea E. Celli, the Chapter 13 Standing Trustee ("Trustee"), filed her objection to the Plan asserting that Debtors failed to provide for the submission of all their disposable income pursuant to 11 U.S.C. § 1325(b)(1)(B). Id. at 4. Trustee objected to Debtors' use of a website, www.paycheckcity.com, to calculate monthly taxes "actually incur[red]" for purposes of Line 30, and argued that this methodology overstated Debtors' tax expense. Trustee's Mem. of Law at 5–8 (Dkt. No. 3, Attach. 10). Judge Littlefield sustained Trustee's objection and denied confirmation of the Plan on March 10, 2008. Order at 7. This appeal followed.

## II.   DISCUSSION

### A.   Standard of Review

---

[1] The Debtors filed an "Amended" Form B22C, but it is the only Form B22C filed by the Debtors. Form B22C was an interim form that has since become Official Form 22C with the adoption of the official forms. See Order at 3, n.5.

This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 158(a). In reviewing the rulings of a bankruptcy court, a district court applies the clearly erroneous standard to a bankruptcy court's conclusions of fact, and reviews *de novo* conclusions of law. Yarinsky v. Saratoga Springs Plastic Surgery, 310 B.R. 493, 498 (N.D.N.Y. 2004) (Hurd, J.) (citing to In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000)); In re Petition of Bd. of Dirs. of Hopewell Int'l Inst. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); FED. R. BANKR. P. 8013. Mixed questions of law and fact are reviewed *de novo*. In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003). Matters of statutory interpretation are also reviewed *de novo*. In re Treco, 240 F.3d 148, 155 (2d Cir. 2001). As there are no factual disputes in this case, the findings in the decision will be reviewed *de novo*.

**B.    Statutory Predicate**

Where a trustee objects to confirmation of a Chapter 13 Plan, the court may approve the plan only if, as of the effective date of the plan:

> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). Only (B) applies in this case; thus the Court may approve the Debtors' Plan only if it provides that all of Debtors' projected disposable income will be devoted to making payments under the Plan.

For a debtor with an annualized current monthly income greater than the state's median income for a similarly sized household — so-called "above the median" debtors — "disposable income" is defined as the debtor's current monthly income (less certain benefits which do not apply in this case) minus the "amounts reasonably necessary to be expended." 11 U.S.C. §§ 1325(b)(2),

3

1325(b)(3); In re Koch, 391 B.R. 230, 232 (Bankr. N.D.N.Y. 2008); In re Johnson, 346 B.R. 256, 259 (Bankr. S.D. Ga. 2006).  Current monthly income is a historical figure that is determined by the average monthly income of the debtor during the six month period ending on the last day of the month preceding the date of the commencement of the case.  11 U.S.C. § 101(10A)(i); In re Roberts, 2008 WL 4279549, at *4 (Bankr. E.D. Pa. Sept. 17, 2008).  "[A]mounts reasonably necessary to be expended" are calculated using the "means test" of 11 U.S.C. § 707(b)(2)(A), (B).

Line 30 of Form B22C requires the debtor to list all necessary tax expenses.  The purpose of Form B22C, line 30 is to determine as accurately as possible the maximum payments the debtor can afford to make.  Form B22C was introduced with the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") which amended the Bankruptcy Code.  See In re Vining, 2008 WL 2073966, at *1 (Bankr. N.D.N.Y. May 14, 2008); In re Lisenko, 2008 WL 780703, at *1 (Bankr. N.D.N.Y. March 24, 2008).  This form incorporates the "means test" outlined in section 707(b) of the Bankruptcy Code.  In enacting BAPCPA, Congress intended to curb the abuses of the bankruptcy system: "The heart of [BAPCPA's] consumer bankruptcy reforms consists of the implementation of an income/expense screening mechanism ( . . . 'means testing'), which is intended to ensure that debtors repay creditors the maximum they can afford."  H.R. Rep. No. 109-31, pt. 1 at 2 (2005).

**C.  Methods for Calculating Taxes Actually Incurred**

The issue presented in this case is what method of calculating taxes "actually incur[red]" is appropriate for purposes of Line 30.  Debtors used the website www.paycheckcity.com to calculate tax expenses.  Appellant's Br. at 6 (Dkt. No. 5).  Trustee argues that the website's calculation overstates Debtors' average monthly taxes by $206.50 and thus that Debtors have failed to provide

for submission of all disposable income to the Plan. Appellee's Br. at 12 (Dkt. No. 6). She proposes that Debtors take the amount of the previous year's tax refund divided by twelve and deduct this from the amount of monthly withholdings. Appellee's Br. at 9. The Bankruptcy Court agreed with Trustee and adopted this methodology for calculating "actual tax" for Line 30. Order at 7.

Line 30 of Form B22C directs the debtor to "[e]nter the total average monthly expense that you actually incur for all federal, state and local taxes." Means Test at 3 (Dkt. No. 3, Attach. 6). Courts agree, and the parties to this case agree as well, that the term "actually incur" signifies that it is not appropriate to list tax withholdings on Line 30 because tax withholdings typically incorporate a certain amount of tax refund the debtor will later receive. See, e.g., In re Risher, 344 B.R. 833, 837 (Bankr. W.D. Ky. 2006) (agreeing with the trustee that "taxes actually paid are not equivalent to what is withheld from a debtor's paycheck for taxes."); In re Balcerowski, 353 B.R. 581, 588 (Bankr. E.D. Wis. 2006) (concluding that "[b]ecause the amount a debtor has withheld from his paycheck does not necessarily equal the amount 'reasonably necessary to be expended' for taxes . . . a debtor cannot use his withholding amount as the tax expense amount" he lists on Line 30).

The method of calculating the tax amount for Line 30 should provide an accurate, actual tax expense figure without proving too onerous to administer. The tax expense figure "must be the debtor's actual tax liability, no more or no less." In re LaPlana, 363 B.R. 259, 267 (Bankr. M.D. Fla. 2007). This figure is not "actual" in the sense of "being necessarily and permanently true"; it is an "educated estimate[] based on the best information available to the parties." In re Lawson, 361 B.R. 215, 223 n.26 (Bankr. D. Utah 2007).

Other jurisdictions have adopted a variety of methodologies for calculating Line 30. In In re

Lipford, a case dealing with an identical provision for a Chapter 7 debtor, the court proposed a calculation involving applicable tax rates for the months covering the period for which current monthly income is calculated.  2008 WL 1782640, at *10 (Bankr. M.D.N.C. April 17, 2008).  The court in In re Raybon held that the debtor's use of withholdings as an estimate of her taxes was not shown to be incorrect and could be used as long as the debtor submitted "all future state and federal income tax refunds to the Trustee during her applicable commitment period."  364 B.R. 587, 590, 592 (Bankr. D.S.C. 2007).  In In re Stimac, the court held that "the amount to be deducted on Line 30 will be presumed to be the amount of taxes the debtor actually paid, as evidenced by the most recent tax return filed, divided by twelve," but the debtor can rebut this presumption by showing a change in circumstances that caused the taxes paid in the previous year to "constitute a materially insufficient or inaccurate deduction."  366 B.R. 889, 893–94 (Bankr. E.D.Wis. 2007); see also In re Gehrke, 2007 WL 2318479, at *1 (Bankr. E.D. Wis. Aug. 9, 2007).

**D.     Line 30 Should Be Calculated Using Trustee's Method**

None of the methods used in these other jurisdictions significantly differs in its accuracy or ease of administration than the method proposed by Trustee in this case.  This Court adopts the method put forth by Trustee and adopted by the Bankruptcy Court that "actual tax" on Line 30 should be computed by subtracting from the Debtors' monthly withholdings one-twelfth of the previous year's federal and state income tax refunds.  Appellee's Br. at 4-5.  The debtor may rebut this conclusion where he or she has experienced a material change in circumstances that would undermine the method's accuracy.  Moreover, the Court agrees with Judge Littlefield that www.paycheckcity.com is not an appropriate method for calculating Line 30 tax expenses.  The Court is "unwilling to promote a . . . website as an official mechanism for calculating actual tax."

Order at 6.

While the Bankruptcy Court was correct in sustaining Trustee's objection to Debtors' completion of Form B22C and adopting the Trustee's method used for calculating Line 30, the Bankruptcy Court should have denied confirmation of the Plan without prejudice to Debtors submitting an amended Form B22C in compliance with Trustee's method.  See In re Koch, 391 B.R. at 234; In re Paley, 390 B.R. 53, 60 (Bankr. N.D.N.Y. 2008); In re Frock, 2008 WL 2128065, at *1 (Bankr. N.D.N.Y. May 20, 2008).  Debtors should be afforded an opportunity to amend Form B22C and their Plan in accordance with this decision.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the March 10, 2008 Memorandum-Decision and Order of the Bankruptcy Court is **REVERSED** and this case is **REMANDED** to the Bankruptcy Court for proceedings consistent with this Order; and it is further

**ORDERED**, that Appellants Scott. J. Baldwin and Tamara L. Baldwin's Appeal (Dkt. No.1) is **GRANTED** to the extent that Appellants are granted the opportunity to file an amended Form B22C and Chapter 13 Plan; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copies of this Order on all parties.

**IT IS SO ORDERED.**

DATED: December 03, 2008
       Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge